Sharon Djemal (SBN 208461)
Miguel Soto (SBN 275273)
Kara Acevedo (SBN 308208)
EAST BAY COMMUNITY LAW CENTER
1950 University Avenue, Suite 200
Berkeley, CA 94704
Telephone: (510) 269-6612
Facsimile: (510)849-1536
Email: sdjemal@ebclc.org

Attorney for Plaintiff, Glenn Miller

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN MILLER<br><br>    Plaintiff,<br><br>    v.<br><br>MEZZETTI FINANCIAL SERVICES, INC.;<br>DOES 1-10,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1) **Fair Debt Collection Practices Act**<br>2) **Conversion**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Glenn Miller, through his attorneys, alleges on personal information and on information and belief based upon based upon, *inter alia*, the investigation made by and through his attorneys, as follows.

## INTRODUCTION

1. Despite being put on notice that it had excessively garnished Plaintiff Glenn Miller's wages, Defendant Mezzetti Financial Services, Inc. refused to return funds belonging to Plaintiff. Mr. Miller is low-income. During the period in which Plaintiff was deprived of the money, he suffered an immense amount of embarrassment and stress resulting from the incidents leading up

to this case. The United States Congress enacted the Fair Debt Collection Practices Act to eliminate abusive, deceptive, and unfair debt collection practices such as these that have negatively impacted many consumers in their financial and personal lives.

2. Mr. Miller sent a letter to Mezzetti demanding the money that was garnished in excess of the maximum amount allowed by law, and informing Mezzetti that retention of the excess amount would subject Mezzetti to legal liability. Mezzetti refused to return the money to Mr. Miller. Accordingly, Mr. Miller seeks hereby to recover actual and statutory damages together with reasonable attorney's fees and costs.

### PARTIES

3. Plaintiff Glenn Miller is a natural person who at all times mentioned herein resided in the city of Oakland, California, located in Alameda County. Mr. Miller is a "consumer" under the Federal Fair Debt Collection Practices Act because he is a natural person who is allegedly obligated to pay a debt to the Defendants.

4. Defendant Mezzetti Financial Services, Inc. is a corporation who at all times mentioned herein was organized and existing under and by virtue of the laws of the State of California. Mezzetti is a "debt collector" under the Federal Fair Debt Collection Practices Act because, on information and belief, it regularly engages in debt collection on behalf of others.

5. Does 1-10 are entities that participated in the transactions complained of herein in ways which are unknown to Plaintiff. The true names, capacities, and nature and extent of participation in the alleged activities complained of herein by Does 1-10, inclusive, are unknown to Plaintiff, and Plaintiff therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

### JURISDICTION

6. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as the cause of action alleged herein is based on a violation of the Federal Fair Debt Collection Practices Act.

## VENUE

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant Mezzetti conducts business in this District, and the actions giving rise to this suit occurred within this District.

## STATEMENT OF FACTS

8. A default judgment was entered against Glenn Miller on February 27, 2007 in Alameda County Superior Court (Case #WG06297362) in the amount of $2,171.66. The judgment was assigned to Mezzetti on or around April 24, 2007.

9. Mr. Miller is employed in San Francisco for a business named CORT and gets paid on a weekly basis.

10. CORT first received an earnings withholding order in April 2017, and began withholding from Mr. Miller's paycheck starting on April 29, 2017. This was the first time Mr. Miller had any notice of the judgment. Mr. Miller had vacated the premises before the filing of the unlawful detainer and therefore could not have been served at the premises as stated under penalty of perjury in the proof of service.

11. Mr. Miller's employer used an out-of-date formula to garnish Mr. Miller's wages, resulting in an overgarnishment in the amount of $2,073.07. Upon information and belief, the Los Angeles Sheriff's Office sent $1,501.41 of these wrongly garnished funds to Mezzetti and retained the remaining $571.66.

12. On or about April 16, 2018, Mr. Miller demanded Mezzetti return his money that was overgarnished. Mr. Miller also informed Mezzetti of the accounting error and that retaining this money was illegal.

13. On or around May 16, 2018, Mezzetti expressly refused to return Mr. Miller's money.

14. In or around the middle of June 2018, CORT reimbursed Mr. Miller for the amount excessively garnished. However, between April 2018 and June 2018, Mr. Miller was forced to borrow money, causing embarrassment and stress, as well as costing him a great deal of time.

15. Mezzetti acknowledged the excessiveness of the garnishment, but nevertheless decided to retain the unlawfully garnished funds because an outstanding balance remained on the default judgment. Mezzetti's refusal to return the money Mr. Miller had a legal right to possess was not a result of mistake, but of willful conduct in disregard of the harm it was causing Mr. Miller.

### FIRST CAUSE OF ACTION
### FAIR DEBT COLLECTION PRACTICES ACT VIOLATION
### 15. U.S.C. § 1692 *et seq.*

16. Plaintiff incorporates by reference all of the above allegations.

17. The FDCPA, 15 U.S.C. §§ 1692 – 1692p, protects consumers from abusive debt collection practices.

18. Defendants violated 15 U.S.C. § 1692 by retaining Mr. Miller's wages that were not supposed to be subject to garnishment under Cal. Code Civ. Proc. § 706.050(a)(2).

19. When Defendants retained Mr. Miller's wages that were excessively garnished by Plaintiff's employer, Defendants collected an "amount" not "permitted by law" under § 1692f(1).

20. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to receive from Defendants any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a violation in the amount up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

### SECOND CAUSE OF ACTION
### CONVERSION

21. Plaintiff incorporates by reference all of the above allegations.

22. At all times herein mentioned, and in particular on or about April 23, 2017 to May 16, 2018, Plaintiff was entitled to the possession of the following personal property, namely: excessively garnished wages.

23. On or about April 23, 2017 to March 31, 2018, Defendants took the above-mentioned property from Plaintiff's possession and converted the same to its own use.

24. On or about April 16, 2018, Plaintiff informed Defendants of the error and demanded the immediate return of the excessively garnished wages. Defendants intentionally and substantially interfered with Plaintiff's money by, without Plaintiff's consent, refusing to return the money to him after he demanded its return.

25. As a proximate result of Defendants' conversion, Plaintiff suffered the following damages which are the natural, reasonable, and proximate results of the conversion: emotional distress from deprivation of wages and necessity of seeking legal redress. Furthermore, Plaintiff was forced to borrow money from coworkers to afford living expenses due to excessive garnishment of Plaintiff's wages, causing Plaintiff social humiliation.

26. Defendants' refusal to return Plaintiff's money after being informed of the error was intentional, wanton, malicious, and oppressive, was undertaken with the intent to defraud, and justify the awarding of exemplary and punitive damages.

27. As a result of Defendants' conversion, Plaintiff is entitled to receive from Plaintiffs any actual damages pursuant to Cal. Civ Code § 3336 and punitive damages under *Kimes v. Grosser* (2011) 195 Cal.App.4th 1556, 126 Cal.Rptr.3d 581 from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

a. That the court enter judgment in his favor.

b. For actual compensatory damages under 15 U.S.C. § 1692 et seq. and Cal. Civ. Code § 3336.

c. For statutory damages of $1,000 under 15 U.S.C. 1692k.

d. For punitive damages under *Kimes v. Grosser* (2011) 195 Cal.App.4th 1556, 126 Cal.Rptr.3d 581.

e. For reasonable attorney's fees and costs in the action under 15 U.S.C. § 1692k.

f. For costs of the lawsuit.

g. For any such other and further relief that the court deems just and proper.

- 5 -
Complaint for Damages
*Glenn Miller v. Mezzetti Financial Solutions, Inc.*, Case No.

## DEMAND FOR JURY TRIAL

Plaintiff Glenn Miller hereby demands a trial by jury on all claims.

Dated: October 16, 2018                    EAST BAY COMMUNITY LAW CENTER

By: _____/S/_____
Sharon Djemal
Attorney for Plaintiff Glenn Miller

- 6 -
Complaint for Damages
*Glenn Miller v. Mezzetti Financial Solutions, Inc.*, Case No.