Sharon Djemal, SBN 208461
Miguel Soto, SBN 275273
EAST BAY COMMUNITY LAW CENTER
1950 University Ave., Suite 200
Berkeley, CA 94704
(510) 269-6612 – Tel.
(510) 849-1536– Fax
sdjemal@ebclc.org

Attorneys for Plaintiff
Glenn Miller

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| GLENN MILLER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MEZZETTI FINANCIAL SERVICES, INC.,<br><br>　　　　　Defendant. | Case No. 4:18-cv-06340-PJH<br><br>**PLAINTIFF'S LETTER BRIEF ON FAIR DEBT COLLECTION PRACTICES ACT PRECEDENT** |

The plaintiff hereby submits to Chief District Judge Hamilton the attached Letter Brief.

Date: February 28, 2019

　　　　　　　　　　　　　　　　　　　　　　　　 */S/ Sharon Djemal*
　　　　　　　　　　　　　　　　　　　　　　　　 Sharon Djemal
　　　　　　　　　　　　　　　　　　　　　　　　 Attorney for Glenn Miller

-1-

PLAINTIFF'S LETTER BRIEF ON FAIR DEBT COLLECTION PRACTICES ACT PRECEDENT
*Glenn Miller v. Mezzetti Financial Services, Inc.,* Case No. 4:18-cv-06340-PJH

Honorable Phyllis J. Hamilton
*Miller v. Mezzetti Financial Services, Inc.*, Case No. 4:18-cv-06340-PJH
February 28, 2019
Page 1

February 28, 2018

**VIA CM/ECF SYSTEM**

Honorable Judge Phyllis J. Hamilton
Oakland Courthouse, Courtroom 3 - 3rd Floor
1301 Clay Street
Oakland, CA 94612

Re: *Miller v. Mezzetti Financial Services, Inc.*, Case No. 4:18-cv-06340-PJH

Dear Judge Hamilton,

      The plaintiff respectfully submits this letter brief pursuant to your request for precedent supporting plaintiff's claim under the Fair Debt Collection Practices Act.

      Mezzetti Financial Services has retained, and refused to return, funds to Mr. Miller that it knows have been excessively garnished. Though there is no California federal court precedent directly on point, some other federal courts have found violations of the FDCPA for retaining money wrongfully garnished or levied. *See Arias v. Gutman, Mintz, Baker, & Sonnenfeldt LLP*, 875 F.3d 128 (2d Cir. 2017); *Polanco v. NCO Portfolio Mgmt., Inc.*, 132 F. Supp. 3d 567 (S.D.N.Y. 2015); *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 522 (S.D.N.Y. 2013).

      In *Arias*, the debt collector garnished funds exempt under federal law from the debtor's bank account and refused to release the money, relying on Bank of America's representation that only some of the funds were exempt. However, the debtor later informed the debt collector that all of the money in his account was from SSRI, and therefore exempt, and mailed the collector a completed exemption claim form along with his bank statements as proof. *Arias* 875 F.3d at 133. The debt collector claimed that the exemption was invalid because the debtor did not provide bank statements starting from a zero balance and forced the debtor to prepare for and attend a hearing before agreeing to release the money. *Id.* The court found that the debtors' allegations that the collector "refused to release the restraint" after receiving proof from the debtor that the funds were exempt with "no good faith basis for objecting… in order to abuse and intimidate" him was sufficient to support a claim under FDCPA § 1692f. *Arias* at 138.

      In *Polanco*, the court found that a debt collector violated the FDCPA by refusing to return debtor's funds garnished pursuant to a default judgment following a judge's orders vacating that default judgment and requiring return of the funds. *Polanco,* 132 F.Supp.3d at 583. Similarly, in *Okyere*, the defendant allegedly refused to return funds despite a judge's orders vacating the judgment. *Okyere* 961 F.Supp.2d at 531. In both of these cases, the debt collector was acting lawfully at the time of the garnishment. Furthermore, in both cases the courts found colorable claims under the FDCPA despite the fact that the money had been returned before the lawsuit was filed. *Polanco*, 132 F.Supp.3d at 575; *Okyere*, 961 F.Supp.2d at 527.

Honorable Phyllis J. Hamilton
*Miller v. Mezzetti Financial Services, Inc.*, Case No. 4:18-cv-06340-PJH
February 28, 2019
Page 2

 Like the collectors in *Arias, Polanco*, and *Okyere*, Mezzetti Financial Services is aware that the money it is retaining was wrongfully and excessively garnished. Jose Mezzetti, acting in his capacity as CEO for Mezzetti Financial Services, received a spreadsheet from Carmen Ehlers, CORT's corporate payroll manager, which showed how much had been garnished from Mr. Miller's paycheck in excess of the law[1]. In conversation with the East Bay Community Law Center, Mr. Mezzetti admitted he had received this spreadsheet, and he recognized that the money was excessively garnished. According to Mr. Mezzetti's own calculations, Mr. Miller was entitled to receive $1501.41 back, after deducting the Sheriff's fees. However, Mr. Mezzetti later changed his mind and refused to return the money.

 Permitting Mezzetti Financial Services to retain this money would sanction the collection of amounts above that allowed by California's garnishment statute. Without the protection of the maximum earnings withholding amount calculated under California Code of Civil Procedure § 706.050, indigent employees will suffer considerable hardship. As the authors of § 706.050 explain, the law, as it was amended in 2015, improves "the ability of low-wage working families to meet their basic needs by remedying two problems with current wage garnishment law: 1) The disincentive for a worker facing a garnishment to earn more than the local minimum wage, and; 2) The unjustly high percentage of income taken from a worker's paycheck." California Senate Bill No. 501, California 2015-2016 Regular Session. Because the garnishment violated California law, Mezzetti is not entitled to the funds and was obligated to return them upon receiving proof that the funds were exempt. Accordingly, Mezzetti has violated the FDCPA by retaining an amount not "permitted by law." *See* 15 U.S.C. § 1692f(1).

Respectfully Submitted,

/s/ *Sharon Djemal*
Sharon Djemal
Attorney for Plaintiff Glenn Miller

---

[1] This is the first time Mr. Miller has evidence that Mezzetti Financial Services was on notice of the over-garnishment. However, many Sheriff offices send form WG-005, the judicial council form with information about the debtor's gross wages and the amount that will be garnished, directly to the creditor as soon as the garnishment starts. Therefore, Mezzetti Financial Services may have been on notice of the over-garnishment as early as April 2017, when the garnishment began.